**In re Petition for DISCIPLINARY AC-TION AGAINST George M. KADING-ER, an Attorney at Law of the State of Minnesota.**

**No. C7–01–768.**

Supreme Court of Minnesota.

March 18, 2002.

# ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent George M. Kadinger has committed professional misconduct warranting public discipline, namely, that respondent failed to diligently pursue client matters, failed to keep clients adequately informed as to the status of their legal matters, improperly contacted a represented party, improperly withdrew from representing a client in a criminal matter, failed to obtain written retainer agreements, failed to deposit unearned fees in trust account, and failed to cooperate with the Director's investigations in violation of Minn. R. Prof. Conduct 1.1, 1.3, 1.4, 1.5(a) and (b), 1.15(a) and (c)(3), 1.16(c) and (d), 3.4(c), 4.2 and 8.1(a)(3), and Rule 25, Rules on Lawyers Professional Responsibility (RLPR).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights under Rule 14, RLPR, and has entered into a stipulation with the Director in which they jointly recommend that the appropriate discipline is a three-month suspension and two years of supervised probation commencing upon reinstatement, compliance with Rule 26, RLPR, and payment of $900 costs and disbursements under Rule 24, RLPR.

The parties also agree that the reinstatement hearing under Rule 18(a)–(d), RLPR, be waived and that respondent be reinstated following the expiration of the suspension period, provided that at least 15 days before the expiration of the suspension period, respondent files an affidavit with the Clerk of Appellate Courts and the Director's Office establishing that respondent is current with Continuing Legal Education, has fully complied with Rules 24 and 26, RLPR, and has satisfactorily completed all other conditions imposed by the court.

The parties recommend that respondent's supervised probation be subject to the following conditions:

a. Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

b. Respondent shall abide by the Minnesota Rules of Professional Conduct.

c. Respondent shall be supervised by a licensed Minnesota attorney appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks from the date [the] stipulation is executed. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files. Respondent shall make active client files available to the Director upon request.

d. Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

e. Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

f. Respondent shall maintain law office and trust account books and records in compliance with Rule 1.15, MRPC, and LPRB Amended Opinion No. 9. These books and records include the following: client subsidiary ledger, checkbook register, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips and bank reports of interest, service charges and interest payments to the Lawyer Trust Account Board. Such books and records shall be made available to the Director within 30 days of the approval of [the] stipulation and thereafter shall be made available to the Director at such intervals as he deems necessary to determine compliance.

g. Respondent shall employ fee agreements that comply with Rule 1.5(a) and (b) and Opinion No. 15 of the Lawyers Professional Responsibility Board,

and his fee agreements shall expressly advise clients concerning the intended handling of advance fee retainers.

h. If at any time during the period of probation, after giving respondent an opportunity to be heard by the Director, the Director concludes that respondent has violated the conditions of the probation or engaged in further misconduct, the Director may file a petition for disciplinary action against respondent in the Minnesota Supreme Court without the necessity of submitting the matter to a Panel or Panel Chair. Respondent waives the right to such consideration by the Panel or Panel Chair.

i. If respondent complies with all the conditions of the probation as set forth above, the probation will be terminated.

This court has independently reviewed the file and approves the jointly recommended disposition.

IT IS HEREBY ORDERED that respondent George M. Kadinger is suspended from the practice of law for three months. Respondent may petition for reinstatement by affidavit under Rule 18(f), RLPR, as provided in the stipulation and set forth above. Upon reinstatement, respondent shall be placed on supervised probation for two years subject to the agreed-upon conditions set forth above. Respondent shall pay $900 in costs under Rule 24, RLPR.

BY THE COURT:
/s/ Paul H. Anderson
Associate Justice